UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00089-LLK

ADAM D. COOK                                                                                                    PLAINTIFF

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Commissioner's motion to dismiss Plaintiff's complaint seeking judicial review of the final decision of the Commissioner as having been filed outside the 60-day statute of limitations established by 42 U.S.C. § 405(g), to which Plaintiff responded in opposition, and the Commissioner replied. Dockets 11, 13, and 14. The parties consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 12. The matter is ripe for determination.

Because the complaint was filed outside the applicable statute of limitations and no factor supports equitable tolling, the motion to dismiss will be GRANTED.

### Discussion

42 U.S.C. 405(g) provides a 60-day window in which to obtain review of a final decision of the Commissioner:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the **mailing *(emphasis added)*** to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

"The Commissioner has interpreted 'mailing' as the date of the applicant's receipt of the decision, and the date of receipt is presumed to be five days after the notice's date, unless the applicant makes a reasonable showing to the contrary." Harris v. Commissioner, 2001 WL 1590669 (6th Cir.) citing 20 C.F.R. 422.210(c).

It is undisputed that the complaint was filed outside the statute of limitations. In a notice dated March 22, 2016, the Appeals Council affirmed the administrative law judge's decision and informed Plaintiff that "[y]ou have 60 days to file a civil action (ask for court review)." Appeals Council's decision, Docket 11-1, p. 23. Plaintiff does not allege that he actually received the notice other than within the 5-day presumption. Therefore, the statute of limitations began running on or about March 28, 2016, and the 60-days expired on or about May 28, 2016. The complaint was filed on June 3, 2016.

Plaintiff claims that he is entitled to equitable tolling of the statute of limitations.

When determining whether equitable tolling should apply, the Sixth Circuit considers five factors: "(1) [Plaintiff's] lack of [actual] notice of the filing requirement; (2) [Plaintiff's] lack of constructive knowledge of the filing requirement; (3) diligence in pursuing [Plaintiff's] rights; (4) absence of prejudice to the [Commissioner]; and (5) [Plaintiff's] reasonableness in remaining ignorant of the legal requirement for filing his claim." Kellum v. Commissioner, 295 Fed.Appx. 47, 2008 WL 4428413 (6th Cir.) citing Cook v. Commissioner, 480 F.3d 432, 437 (6th Cir.2007). For purposes of analyzing equitable tolling, there is no distinction between Plaintiff's actions and inactions and those of counsel because "the actions of a privately retained attorney are imputed to the client." Id. citing Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396-97 (1993).

Factors 1, 2, and 5 are of no relevance in this case because Plaintiff does not allege that he was unaware of the filing requirement.

Factor 4 does not support equitable tolling because neither Plaintiff nor counsel were particularly diligent in pursuing Plaintiff's rights. Plaintiff and his counsel agreed that Plaintiff would file his complaint contemporaneously with a motion to proceed in forma pauperis. Counsel asked Plaintiff to provide him with the information necessary to file the motion and made Plaintiff aware of the statute of limitations. Docket 13, p. 2. Rather than calendaring the complaint's due-date, however, counsel assumed that Plaintiff would provide him the information in a timely manner, and this would serve as

his "prompt[] to timely file the Complaint." Id. Plaintiff did not provide the information in a timely manner.

This type of plain, simple mistake does not support an equitable-tolling claim, which requires a showing that the deadline was missed due to any "extraordinary occurrence beyond [Plaintiff's or counsel's] control." Kellum, supra; see also Holland v. Florida, 130 S.Ct. 2549, 2564 (2010) (A "garden variety claim of excusable neglect" does not warrant equitable tolling") and Patterson v. Lafler, 455 F. App'x 606, 609 (6th Cir.2012) ("Attorney neglect or error does not generally give rise to equitable tolling").

Factor 3 is of no relevance because courts consider it only after another factor (not present here) is found to support equitable tolling. See Kellum, supra, citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures"); see also Cook, supra, at 437 (While there may be no actual prejudice to the Commissioner in a particular case, "there are millions of applicants for Social Security benefits each year, and … the lack of a clear filing deadline could create havoc in the system").

No factor supports equitable tolling.

**ORDER**

Therefore, the Commissioner's motion to dismiss (Docket 11) is hereby GRANTED.